IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03177-BNB

JOHN ERNEST DADE,

    Plaintiff,

v.

LEO GRIFFARD, CJA Appointed Counsel,
STEVEN RICHERT, Federal Public Defender,
JAMES PETERS, AUSA Federal Prosecutor,
PENNY NORTH, Idaho State County Prosecutor,
USDC-IDP JUDGE WINMILL, Witness Only, and
RICH WORMS, FBI Agent in This Case,

    Defendants.

---

## ORDER OF DISMISSAL

---

Plaintiff, John Ernest Dade, is currently in the custody of the Federal Bureau of Prisons and is incarcerated at the Federal Correctional Institution (FCI) in Florence, Colorado. Mr. Dade, acting *pro se*, initiated this action by filing a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983.

Mr. Dade has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 with payment of an initial partial filing fee. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Dade*, 490 U.S. 319, 324 (1989).

The Court must construe Mr. Dade's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*,

935 F.2d 1106, 1110 (10th Cir. 1991).  If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110.  However, the Court should not be an advocate for a *pro se* litigant.  *See id.*  For the reasons set forth below, the complaint and the action will be dismissed.

Mr. Dade raises twenty claims challenging a criminal proceeding in the United States District Court for the District of Idaho in Case No. CR-01-00196-BLW.  Mr. Dade asserts that he was convicted of threatening interstate communications, interstate stalking, use of a firearm in relation to a violent crime, and two counts of interstate domestic violence, and was subsequently sentenced to 336 months in the custody of the Bureau of Prisons.  Although some of his claims are repetitive, in general Mr. Dade asserts that his CJA-appointed counsel, Defendant Leo Griffard, sabotaged Mr. Dade's 28 U.S.C. § 2255 motion through fraud, abuse of the attorney-client privilege, refusing to follow Mr. Dade's instructions, failing to answer Mr. Dade's phone calls, refusing to allow Mr. Dade to participate in his own defense, refusing to file a motion to withdraw, failing to respond to the government's motion for summary judgment, failing to hire a private investigator, and sabotaging a deposition (Claims One through Nine).  Mr. Dade further asserts that his trial attorney, Defendant Steven Richert, committed perjury during a deposition and failed to provide competent representation (Claims Ten through Fourteen).  Mr. Dade argues that Defendant United States Attorney James Peters conspired with Defendant Prosecutor Penny North and Defendant FBI Agent Worms to

deprive Mr. Dade of due process during his trial (Claims Fifteen through Nineteen). Finally, Mr. Dade asserts that Defendant Judge Winmill was biased against him and violated his constitutional rights during trial (Claim Twenty).  Mr. Dade seeks damages in addition to injunctive relief.

Mr. Dade filed this complaint pursuant to 42 U.S.C. § 1983.  However, his claims are actually governed by *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 389 (1971), because Mr. Dade is a federal prisoner.  To state a claim under *Bivens*, a plaintiff must show (1) a deprivation of a right secured by the Constitution and laws of the United States; and (2) that the deprivation of the right was caused by an official acting under color of federal law.  *See, e.g., Flagg Brothers, Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978).

As a preliminary matter, Mr. Dade may not challenge the validity of his conviction in this action for money damages.  *See Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a § 1983 action necessarily would imply the invalidity of the prisoner's criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal or called into question by the issuance of a federal habeas writ.  *Heck*, 512 U.S. at 486-87.  Further, the Tenth Circuit has held that *Heck* also applies to *Bivens* actions.  *See, e.g., Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam).

A judgment in favor of Mr. Dade, in this action, necessarily would imply the invalidity of his federal court criminal proceedings.  Therefore, he may not bring this

action unless he has invalidated the proceedings. Mr. Dade does not allege any invalidation of his convictions nor is there an indication in the Complaint that he was granted one. Any claims challenging Mr. Dade's criminal proceedings are barred by *Heck*.

Further, with respect to claims One through Fourteen, in which Mr. Dade challenges the representation provided to him by CJA counsel and a federal public defender, the Court finds that these claims are legally frivolous. In *Polk County v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that a public defender, although paid and ultimately supervised by the state, does not act under color of state law under 42 U.S.C. § 1983, the statutory counterpart to a *Bivens* claim, when performing the traditional functions of counsel to a defendant during a criminal proceeding. The holding of *Polk County v. Dodson* applies equally to federal public defenders and defense attorney appointed from the CJA panel. *See, e.g., Richards v. Flynn*, 263 Fed. Appx. 496 (7th Cir. 2008) (unpublished opinion) (affirming *sua sponte* dismissal of *Bivens* action for legal malpractice brought against assistant federal defender because criminal defense attorney does not act under color of federal law); *Cox v. Hellerstein*, 685 F.2d 1098 (9th Cir. 1982) (affirming dismissal of *Bivens* action against assistant federal defender for providing ineffective assistance because "[i]f a public defender does not act under color of state law in representing an indigent defendant in a state criminal proceeding, it follows that a public defender does not act under color of federal law in performing the identical functions as a lawyer to an indigent defendant in a federal criminal proceeding"). The acts and omissions that Mr. Dade complains of with respect to the representation provided by Defendants Griffard and Richert concern the

traditional functions of criminal defense counsel. Therefore, these claims have no basis in law or fact and they must be dismissed as legally frivolous.

Mr. Dade's Complaint suffers from additional deficiencies. Defendants Federal Prosecutor James Peters and Idaho State County Prosecutor Penny North are entitled to absolute immunity. This is because state and federal prosecutors are entitled to absolute immunity in § 1983 and *Bivens*-type suits for activities within the scope of their prosecutorial duties. *See Imbler v. Pachtman*, 424 U.S. 409, 420-24 (1976); *see also Butz v. Economou*, 438 U.S. 478, 504 (1978). Mr. Dade's allegations against these Defendants involve no more than acts that are " 'intimately associated with the judicial process' such as initiating and pursuing a criminal prosecution." *Snell v. Tunnell*, 920 F.2d 673, 686 (10th Cir. 1990) (quoting *Imbler*, 424 U.S. at 430), *cert. denied sub nom. Swepston v. Snell*, 499 U.S. 976 (1991). Therefore, the claims against Defendants Peters and North are legally frivolous based on absolute immunity.

Further, Defendant Judge B. Lynn Winmill is absolutely immune from liability in civil rights suits when he is acting in his judicial capacity unless he acts in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). The Defendant Judge's involvement in Mr. Dade's criminal case are actions taken in his judicial capacity, and there is no indication that this judge was acting in the clear absence of all jurisdiction. Therefore, the claims Mr. Dade asserts against Judge Winmill are also barred by absolute judicial immunity.

Finally, to the extent Mr. Dade is seeking to establish federal action by Defendants North and Peters in alleging that they conspired with Defendant FBI Agent Rich Worms,

mere conclusory allegations of conspiracy with no supporting factual assertions are insufficient. *Scott v. Hern*, 216 F.3d 897, 907 (10th Cir. 2000) (citations omitted). The pleadings must present specific facts that show agreement and concerted action by the defendants. *Id.*

Mr. Dade's conspiracy claims are conclusory and fail to provide any supporting factual assertions. Nothing in Mr. Dade's allegations demonstrates any agreement or concerted action by Defendants North, Peters and Worms to conspire against him. Therefore, the Court finds that Mr. Dade's conspiracy claims are also legally frivolous.

Nonetheless, the Complaint will be dismissed without prejudice pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994). A *Heck* dismissal counts as a strike under § 1915(g). *See Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1177-78 (10th Cir. 2011).

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint is dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this  5th  day of    January         , 2012.

                                        BY THE COURT:

                                          s/Lewis T. Babcock
                                        LEWIS T. BABCOCK, Judge
                                        United States District Court