IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03177-LTB

JOHN ERNEST DADE,

Plaintiff,

v.

LEO GRIFFARD, CJA Appointed Counsel,
STEVEN RICHERT, Federal Public Defender,
JAMES PETERS, AUSA Federal Prosecutor,
PENNY NORTH, Idaho State County Prosecutor,
USDC-IDP JUDGE WINMILL, Witness Only, and
RICH WORMS, FBI Agent in This Case,

Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff, John Ernest Dade, is currently in the custody of the Federal Bureau of

Prisons and is incarcerated at the Federal Correctional Institution (FCI) in Florence,

Colorado.  Mr. Dade filed a "Motion to Reconsider This Courts [sic] Order Dated

01/05/2012, Which Contains Numerous And Serious Errors Concerning Statute And

Misinterpretation of Said Cited Infra" on January 18, 2012.  The Court must construe the

Motion to Reconsider liberally because Mr. Dade is a *pro se* litigant.  *See Haines v.*

*Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.

1991).  The Motion to Reconsider will be denied for the reasons stated below.

A litigant subject to an adverse judgment, and who seeks reconsideration by the

district court of that adverse judgment, may "file either a motion to alter or amend the

judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment

pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Dade filed the Motion to Reconsider within twenty-eight days after the Order of Dismissal and the Judgment were entered in the instant action. The Court, therefore, finds that the Motion to Reconsider is filed pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e).

The three major grounds that justify reconsideration are: (1) an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Upon consideration of the motion to reconsider and the entire file, the Court concludes that Mr. Dade fails to demonstrate that any of the grounds justifying reconsideration exist in his case.

Mr. Dade, acting *pro se*, initiated this action by filing a Prisoner Complaint on December 7, 2011. In the Complaint, Mr. Dade raised twenty claims challenging his conviction in Case No. CR-01-00196-BLW in the United States District Court for the District of Idaho. Mr. Dade asserted that he was convicted of threatening interstate communications, interstate stalking, use of a firearm in relation to a violent crime, and two counts of interstate domestic violence, and was subsequently sentenced to 336 months in the custody of the Bureau of Prisons. Mr. Dade alleged that his CJA-appointed counsel, Defendant Leo Griffard, sabotaged Mr. Dade's 28 U.S.C. § 2255 motion (Claims One through Nine). Mr. Dade further asserted that his trial attorney, Defendant Steven Richert, committed perjury during a deposition, and failed to provide competent representation (Claims Ten through Fourteen). Mr. Dade argued that Defendant United States Attorney James Peters conspired with Defendant Prosecutor

2

Penny North and Defendant FBI Agent Worms to deprive Mr. Dade of due process during his trial (Claims Fifteen through Nineteen).  Finally, Mr. Dade asserted that Defendant Judge Winmill was biased against him and violated his constitutional rights during trial (Claim Twenty).  As relief, Mr. Dade requested damages in addition to injunctive relief.

On January 5, 2012, the Court reviewed Mr. Dade's Complaint and determined that the majority of his claims were barred by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994), because Mr. Dade was attempting to challenge the validity of his federal conviction in a *Bivens* action for money damages.  In addition, the Court found that Mr. Dade's claims against his CJA counsel and public defender were legally frivolous, because the Supreme Court has determined that federal public defenders and CJA defense attorneys do not act under color of federal law for purposes of a *Bivens* action.  *See Polk County v. Dodson*, 454 U.S. 312 (1981).  Finally, the Court also determined that Defendants Federal Prosecutor James Peters, Idaho State County Prosecutor Penny North and Judge B. Lynn Winmill were entitled to absolute immunity. *See Imbler v. Pachtmann*, 424 U.S. 409, 420-24 (1976); *see also Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  Based on these findings, the Court dismissed Mr. Dade's action without prejudice on January 5, 2012.  Judgment also entered on January 5, 2012.

In the Motion to Reconsider, Mr. Dade argues, *inter alia*, that his incarceration is unconstitutional, that the federal government lacked jurisdiction to prosecute him, that CJA counsel was ineffective and fraudulent when litigating Mr. Dade's § 2255 motion, and that the named Defendants conspired against him in order to obtain his conviction. However, Mr. Dade simply fails to demonstrate an intervening change in the controlling

3

law, the availability of new evidence, or the need to correct clear error or prevent

manifest injustice.  *See Servants of the Paraclete*, 204 F.3d at 1012.  Instead, he relies

on the same arguments presented in his Complaint that the Court has already

considered and rejected in its January 5, 2012, Order of Dismissal.  Therefore, Mr.

Dade has not asserted any of the major grounds that would justify reconsideration in his

case, and the Motion to Reconsider will be denied.  *See id.*  Accordingly, it is

ORDERED that the "Motion to Reconsider This Courts [sic] Order Dated

01/05/2012, Which Contains Numerous And Serious Errors Concerning Statute And

Misinterpretation of Said Cited Infra" on January 18, 2012 (Doc. # 16), is DENIED.

DATED at Denver, Colorado, this  24th  day of   January   , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court